UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sam Notario, *et al.*,

    Plaintiffs,

v.

The American National
Red Cross, *et al.*,

    Defendants.

Case No. 2:20-cv-6034

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

The American National Red Cross ("Defendant") removed this case from the Court of Common Pleas in Fairfield County, Ohio, ECF No. 1, and now moves to dismiss Sam Notario's and Natalia Notario's ("Mr. Notario," "Ms. Notario" and, together, "Plaintiffs") Complaint for failure to state a claim. Mot., Dismiss, ECF No. 4.

### I.    FACTS

Plaintiffs allege the following facts in their Complaint. On April 15, 2018, Plaintiffs donated blood at the Epiphany Lutheran Church ("Church") in Pickerington, Ohio. The blood drive at the Church was sponsored, organized, and operated by Defendant.

Although the blood drive ended at 1:00 p.m., Plaintiffs arrived at or near the end of the blood drive and were permitted to donate blood. Mr. Notario finished giving blood at 1:14 p.m. After the blood draw was completed, Plaintiffs

were forced to leave the blood drive and were not offered any refreshments or given a chance to rest before being forced to leave.

Ten minutes later, while Mr. Notario was driving home, he lost consciousness at the wheel and crashed into another vehicle. Plaintiffs both suffered severe injuries from the accident. Plaintiffs sue Defendant under state law for negligence and negligent hiring, supervision, and retention, as well as John Does 1–5, who were allegedly Defendant's "agents, employees, volunteers, and/or servants," under state law for negligence.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Furthermore, a court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). However, a plaintiff must provide "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged." *Id*. at 557–58 (internal citations omitted).

## III.   ANALYSIS

Defendant argues that, despite Plaintiffs' labelling of the claims as sounding in ordinary negligence, the claims are medical claims. As such, Defendant argues, Ohio's one-year statute of limitations for medical claims bars Plaintiffs' Complaint. Plaintiffs contend their claims sound in ordinary negligence and were thus timely filed.

Under Ohio law, medical claims have a one-year statute of limitations, and ordinary negligence claims have a two-year limitations period. Ohio Rev. Code §§ 2305.10(A), 2305.113(A). There is no dispute that this cause of action accrued on April 15, 2018, *see* Compl. ¶¶ 1–13, ECF No. 1, but Plaintiffs did not file their Complaint until October 20, 2020. Thus, the Complaint would ordinarily be untimely under either statute of limitations.

In this case, however, Plaintiffs and Defendant agreed to toll the statute of limitations until October 29, 2020, for any claim that had not already expired as of the effective date of the Tolling Agreement. Tolling Agmt. ¶¶ 2–3, ECF No. 21-1; Oct. 19, 2020 email from O'Neil to Mannion, ECF No. 21-2. Although the Tolling Agreement is not dated, the parties appear to agree that any claims sounding in ordinary negligence had not expired as of the date the parties entered into the Tolling Agreement. Accordingly, if Plaintiffs' claims sound in ordinary negligence, their Complaint is timely.

In determining whether Plaintiffs' claims are medical claims, the Court turns first to Ohio Revised Code § 2305.113(E)(3), which defines "medical claim" as:

> any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person[.]

Ohio Rev. Code § 2305.113(E)(3).

The Ohio Supreme Court, interpreting this statute, enumerated two requirements for a medical claim: "(1) [the claim] arises out of the medical diagnosis, care, or treatment of any person and (2) is asserted against one or more of the statutorily enumerated medical providers." *Est. of Stevic v. Bio-Med.*

*Application of Ohio, Inc.*, 121 Ohio St. 3d 488, 491 (Ohio, 2009). If either requirement is not met, no medical claim exists.

Turning to the medical provider requirement, a medical claim must be asserted against one or more of the statutorily enumerated individuals or organizations, as quoted above. Ohio Rev. Code § 2305.113(E)(3). Plaintiffs bring claims against Defendant and John Does 1–5.

The list provided in Ohio Revised Code § 2305.113 is exhaustive; a claim is not a medical claim if it is brought against a provider not enumerated in the statute. *See, e.g., Mason v. CVS Health*, 384 F. Supp. 3d 882, 889 (S.D. Ohio 2019) (finding no medical claim when the provider was a pharmacist); *Reber v. Lab'y Corp. of Am.*, No. 2:14-CV-2694, 2017 WL 3888351, at *4 (S.D. Ohio Sept. 6, 2017) (cytotechnologist); *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 791 (N.D. Ohio 2010) (prosthetist). As for organizational defendants, rather than individual defendants, the statute covers only a "hospital, home, or residential facility." Ohio Rev. Code § 2305.113(E)(3).

Interpreting this "medical provider" requirement, the Ninth District Court of Appeals, in *Wick v. Lorain Manor, Inc.*, explained that because ambulance services were not listed within the statute, the ambulance service provider was not properly subject to a medical claim. No. 12CA010324, 2014 WL 4824685, at *20 (Ohio Ct. App. 2014). While the ambulance service provider as an organization was not subject to the medical claim, the two emergency medical technicians who provided the medical services inside the ambulance were

subject to suit because they were specifically enumerated providers. *Id.*; *see also Lacy v. Corr. Corp. of Am.*, No. 1:14 CV 2347, 2015 WL 1564954, at *5–6 (N.D. Ohio Apr. 8, 2015) (noting that the Corrections Corporation of America is not a medical provider "as defined by the statute").

Here, the Complaint describes Defendant as a blood collection service responsible for "organizing, planning, operating, staffing, and scheduling the subject blood drive." Compl. ¶ 18, ECF No. 1. Like ambulance services, blood collection services are not listed as medical providers. Plaintiffs' Complaint contains no information that would lead the Court to classify Defendant as a "hospital, home, or residential facility."

Defendant argues that it is a medical provider for two reasons. First, it relies on *Zaccone v. American Red Cross*, for the proposition that Defendant is a "health care professional and subject to a professional standard of care." 872 F.Supp. 457, 460 (N.D. Ohio 1994); Mot., Dismiss 4, ECF No. 4. This reliance is misplaced, as the *Zaccone* court was not grappling with whether Defendant was a medical provider under Ohio Revised Code § 2305.113(E)(3); rather the issue was what standard of care the Red Cross owed the plaintiff under an *ordinary* negligence claim. *Id.* One can be a health care professional and subject to a professional standard of care and still not be subject to a medical claim under Ohio Revised Code § 2305.113(E)(3).

Next, according to Defendant, it would qualify as a medical provider if a physician or other medical professional under a physician's control supervised

the blood donation. Mot., Dismiss 6–7, ECF No. 4. This argument fails under *Wick*, where the organizational defendant was not considered a medical provider under the statute even though its employees were. 2014 WL 4824685, at *20. Defendant points to a "local medical director (physician) [who] was responsible for providing medical oversight to the blood collection activities of these employees and agents." ECF No. 4. However, claims are brought against Defendant as an organization, in addition to John Does 1–5, who remain unnamed and unrepresented. While Defendant's argument may be appropriate for those John Does as individuals, it does not apply to the organization. Should discovery reveal that John Does 1–5 are, in fact, enumerated medical providers, *they* are free to assert a statute-of-limitations argument.

Accordingly, because Defendant is not one of the enumerated medical providers, it cannot be subject to a medical claim. Consequently, Plaintiff's claims against Defendant are for ordinary negligence and, therefore, are preserved as timely under the Tolling Agreement. Defendant is free to renew its statute-of-limitations argument on summary judgment if it believes it should be considered a medical provider under one of these statutorily enumerated categories.[1]

---

[1] *See Johnson v. Ohio Dept. of Rehab. & Corr.*, No. 06AP–196, 2006 WL 3517998 (Ohio Ct. App. 2006) ("ODRC as the moving party, had the burden of establishing that it was a "hospital" under former R.C. 2305.11(D)(1).").

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss is **DENIED**. The Clerk is **DIRECTED** to terminate ECF No. 4.

Finally, the Court observes that Plaintiffs filed their Complaint almost a year ago and that the parties' discovery deadline is quickly approaching. *See* Scheduling Order, ECF No. 10. In spite of the late stage of this case, Plaintiffs did not file an Amended Complaint before the deadline to do so, and neither have they sought leave to file a post-deadline Amended Complaint identifying John Does 1–5, nor does the docket reflect that the John Doe Defendants have been properly served. Accordingly, Plaintiffs are **ORDERED** to identify the John Doe Defendants and perfect service **within fourteen days**, or show cause why they cannot do so. Plaintiffs are **CAUTIONED** that failure to properly identify and serve the John Doe Defendants, or, in the alternative, failure to show cause why they cannot do so will result in dismissal of the John Doe Defendants without prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**